RAMONA GONZÁLEZ DELGADO ET AL., Appellants, *v.* THE REGISTRAR OF PROPERTY OF HUMACAO, Respondent.

No. 1283. Submitted May 1, 1952.—Decided May 7, 1952.

*Faustino R. Aponte* for appellants.  The Registrar appeared by brief.

MR. JUSTICE MARRERO delivered the opinion of the Court.

A public deed executed in Humacao on July 21, 1951, recites that the spouses Juan Rivera Figueroa and Ramona González Delgado own a parcel of land consisting of 196 square meters, located in the Mabú ward of said municipality; that the aforesaid spouses built a concrete house thereon at a cost of $10,000, which money belonged exclusively to the wife "since it was paid to her by the Federal Government of the United States of America for the death of her nephew Rosario Gerena in the war in Korea; that the notary has before him a voucher issued by the Veterans' Administration pursuant to the National Service Life Insurance Act of 1940, as well as a number of communications and letters from the War Department and the Armed Forces of the Nation to the effect that Gerena died on the battlefield, and that the money would be sent to the appearing party. The deed also recites that the executing party "prays the Registrar of Property to record the building in her name as a separate property of hers for all legal purposes, and the husband expresses his conformity," and that in order to raise funds the said spouses signed on the same day the deed was executed two promissory notes to bearer and on demand, for $5,000 each, and that as security thereof and of the sum of $800 fixed for costs, disbursements, fees and

interest in case of default, they constitute a first voluntary mortgage on the described lot and house and consent to the property remaining encumbered until the obligation it secures is paid.

That deed was presented to the Registry of Property and the Registrar recorded it as follows:

"This document has been recorded as to the sale and mortgage, at page 247, over, of volume 92, of Humacao, property 2909, fourth entry. It is hereby set forth that the building is recorded as community property pursuant to the provisions of § 1307 of the Civil Code (1930 ed.) since the separate character of the money invested in the construction has not been shown, inasmuch as no authentic document which might clearly establish whether the money invested is of a separate origin has been presented to the Registrar for a determination; besides the fact that so-called separate properties are being constructed on community property. Subject only to the mortgage constituted herein. Humacao, October 3, 1951."

The executing parties appealed to this Court from said ruling, as provided by law. See Act of March 1, 1902, (Sess. Laws, p. 289),—Revised Statutes, 1911 (p. 425). They allege that the Registrar of Property erred in refusing to record the building as a separate property of the wife, for they think that the fact that the origin of the money was shown, since the notary attested having before him the payment number of the policy, as well as other documents verifying payment of the latter, was enough to show the separate character of the money.

We disagree with this view. By express provision of § 1307 of the Civil Code (1930 ed.), "All the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife." See also *Robles* v. *Guzmán*, 67 P.R.R. 671, and cases cited at p. 675. To overcome that presumption it is not sufficient that the notary state in the deed that he had before him the documents which in his judgment prove that

the money with which a property is constructed or acquired belongs exclusively to one of the spouses. Nor is it sufficient that both spouses state in the deed that the acquisition or construction was made with money belonging exclusively to one of them. The separate character of a property must be shown in a more authentic way, *by presenting to the Registrar*, together with the document sought to be recorded, others which indubitably and unquestionably show the separate character of the funds with which the property is acquired or purchased. See *Feliú et al.* v. *The Registrar of Property*, 16 P.R.R. 728; *Fuentes* v. *Registrar of Caguas*, 24 P.R.R. 579, 580; *Figueroa* v. *Registrar of Arecibo*, 24 P.R.R. 793; *Acosta* v. *Registrar of Caguas*, 27 P.R.R. 232; *Sánchez et al.* v. *Registrar of San Juan*, 28 P.R.R. 624; *Flores* v. *Registrar of Guayama*, 31 P.R.R. 118; *Marrero and Archilla* v. *Reg. of San Juan*, 34 P.R.R. 198; *Benítez* v. *Registrar*, 36 P.R.R. 512; *Mercado* v. *Registrar*, 68 P.R.R. 129, 133; Morell, *Legislación Hipotecaria*, Vol. 2, 2d ed., 1927, p. 274. The Registrar, therefore, did not commit the error assigned.

The note will be affirmed.